# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14-cr-08

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ALEXANDER JUSTIN BRYANT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(e), the Court enters the following criminal contempt Order to summarily punish Defendant Alexander Justin Bryant, who committed criminal contempt in the presence of the Court.

## I.  Factual Basis for the Summary Contempt Disposition Order

On June 27, 2014, at 9:30 a.m., Defendant Bryant, appeared before the Court pursuant to a criminal summons for the purpose of an initial appearance hearing, an arraignment hearing, and a detention hearing for the Defendant. At the beginning of the initial appearance hearing, the Court noticed that Defendant did not appear to be hearing the information that the Court was providing Defendant. As such, the Court requested that courtroom clerk provide Defendant with a

1

listening device to assist Defendant in hearing the proceedings. In addition to the difficulty hearing the proceedings, the Court also noticed that Defendant appeared to have suffered some injury to his nose. Upon questioning, Defendant informed the Court that he had been in an automobile accident two days prior to the hearing, and that he had suffered a broken nose and injuries to the back of his head during this accident.

    The Court then proceeded to complete the initial appearance hearing, the arraignment hearing, and the detention hearing. The Government did not request that the Court detain Defendant. Accordingly, the Court released Defendant on a $25,000 unsecured bond.

    Before the Defendant left the courtroom, the Court discussed with him that it appeared to the Court that he was continuing to have problems hearing the proceedings and understanding the information provided by the Court. The Court then inquired as to whether Defendant had seen a physician as a result of his injuries. Defendant advised the Court that he had not seen a physician because he could not afford to do so and because his father had indicated to him that such a visit would not be appropriate. The Court suggested that Defendant see a physician as soon as possible. At 10:15 a.m. the Court concluded the proceedings and Defendant left the courtroom.

Approximately one hour later, between 11:20 a.m. and noon, United States Probation Officer Tamara Styles requested permission to approach the bench. Upon permission being granted, Officer Styles informed the Court that when the Defendant had been taken to the Probation Office for the purpose of a drug test, an odor of alcohol had been noticed upon his breath. In light of this additional information that provided an explanation for Defendant's behavior during the morning's proceedings, the Court directed the courtroom clerk to call Defendant's counsel. The Court also directed the United States Marshals to prepare to bring Defendant back before the Court.

Upon Defendant being brought back into the courtroom, the Court advised the Assistant United States Attorney representing the Government, that the Court had information that Defendant may have been under the influence of alcohol during the morning's proceedings. The AUSA then called United States Probation Officer Steve Cook to the stand.

Officer Cook testified that when Defendant was setting in the waiting area of the United States Probation Office, Officer Cook smelled a strong odor of alcohol coming from Defendant's breath. Officer Cook then administered an Alco-Sensor test. The results of the test showed that the Defendant had a blood alcohol level of .15. In addition, Officer Cook testified that Defendant admitted that at approximately 1:00 a.m. on the morning of June 27, 2014, Defendant consumed

two 24oz. beers, as well as "some shots." In questioning Officer Cook about the meaning of the phrase "some shots," Officer Cook testified that this would have been a drink of hard liquor such as bourbon or scotch.

For reference point, an individual is guilty of the offense of driving while impaired if he or she drives a vehicle after consuming enough alcohol to have an alcohol concentration of .08 or more. N.C. Gen. Stat. § 20-138.1. Similarly, a person is guilty of impaired driving in a commercial vehicle where he or she operates a commercial vehicle with an alcohol concentration of .04 or greater. N.C. Gen. Stat. § 20-138.2. Moreover, as a result of the lapse of time between the morning's proceedings where Defendant appeared before the Court under the influence of alcohol and when the Alco-Sensor was actually administered, Defendant's alcohol concentration was likely even greater than .15 at the time.

**II.     Legal Analysis**

Rule 42(b) and Section 636(e) provide that the Court may summarily punish an individual who commits criminal contempt in the presence of the Court provided that the Court see or hear the contemptuous conduct and certifies such in an appropriate Order. Here, Defendant appeared before the Court noticeably intoxicated. Although the Court first attributed Defendant's conduct to a head injury and an automobile accident, it is now clear to the Court that Defendant was in fact intoxicated during the hearing. Defendant's intoxication was subsequently

4

validated by an Alco-Sensor test administered by the United States Probation Office.  The Court personally observed Defendant's intoxicated state, which obstructed and disrupted the Court and its administration of justice.  Due to Defendant's degree of intoxication, the Court will be required to repeat the initial appearance hearing, arraignment hearing, and detention hearing at a time when the Defendant is sober so that the Court can insure that Defendant understands all of his rights and the proceedings against him.  Accordingly, on June27, 2014, the Court ordered that the terms and conditions of Defendant's pretrial release that the Court had previously issued be revoked.  The Court also placed Defendant in the custody of the United States Marshals until Monday, June 30, 2014, at which time the Court will conduct a second initial appearance hearing, arraignment hearing, and detention hearing.  At that time the Defendant should be sober and have recovered from his degree of intoxication.  The duplication of these proceedings as the result of Defendant appearing before this Court while intoxicated has wasted judicial resources, wasted Government resources, and caused the Court to spend significantly more court time and involvement with this case than would have been necessary if Defendant had appeared in Court in a sober condition.

    As a result of the conduct of Defendant in appearing before this Court while intoxicated, the Court finds Defendant to have obstructed and disrupted the Court and its administration of justice.  Because the conduct occurred before the Court,

the Court has the authority to summarily punish Defendant for his contemptuous conduct. Fed. R. Civ. P. 42(b); 28 U.S.C. § 636(e). The Court finds Defendant in Contempt of Court and sentences Defendant Alexander Justin Bryant to fourteen (14) days in jail for contempt. The jail sentence to commence immediately. The Defendant is to be given credit for all time served since June 27, 2014.

### III. Conclusion

The Court finds Defendant in Contempt of Court and sentences Defendant Alexander Justin Bryant to fourteen (14) days in jail. The jail sentence shall commence immediately. The Defendant is to be given credit for all time served since June 27, 2014.

Signed: June 30, 2014

_____
Dennis L. Howell
United States Magistrate Judge